2001 SD 118

**Jerald KURTH and Connie Kurth, Plaintiffs and Appellees,**

v.

**AERIAL BLADES, INC., Defendant and Appellant.**

**No. 21801.**

Supreme Court of South Dakota.

Considered on Briefs Aug. 28, 2001.

Decided Sept. 26, 2001.

Timothy W. Bjorkman and Mike C. Fink of Bjorkman & Fink, P.C., Bridgewater, SD, Attorneys for plaintiffs and appellees.

Danny R. Smeins, Webster, SD, Attorney for defendant and appellant.

GILBERTSON, Justice.

[¶ 1.] By a grant of summary judgment, Aerial Blades was found liable for wrongful injury to trees and ordered to pay treble damages to Kurths pursuant to SDCL 21–3–10. We reverse and remand for trial.

**FACTS AND PROCEDURE**

[¶ 2.] On the morning of May 13, 1998, Wade Hursey (Hursey), employee of Aerial Blades, Inc. (Aerial Blades), began spraying the chemical Tordon 22K with an aerial spray helicopter to a pasture adjacent to Jerald and Connie Kurth's (Kurths) property. Prior to beginning the spraying, Hursey called the weather service to inquire about the wind conditions. Although he cannot remember exactly what he was told, Hursey claimed that the wind must have been below eight miles per hour, as he would not have started spraying if the winds had been stronger.

[¶ 3.] Later that morning, the winds picked up to 19 miles per hour, blowing southeast with gusts up to 28 miles per hour.* Hursey knew that it was impor-

---

* Although Hursey testified he did not know the winds were exactly at 19 miles per hour, he does not dispute this information.

tant to monitor both the speed and direction of the wind because aerial application of Tordon 22K in windy conditions can damage or kill trees. In his helicopter, Hursey had a weather band radio. He also had radio contact with the mix truck driver at all times, which allowed him to check wind conditions. Hursey admitted that he knew the winds were becoming stronger by the movement of the grass. He claimed, however, that he believed the wind was blowing towards the south, rather than southeast. Hursey testified:

> The whole problem with this is that I thought it was blowing straight from the south. And obviously, it had to be more of a southeast wind rather than straight south. That's why I proceeded to spray that pasture, because I thought the wind was coming out of the south and, obviously, it had to have a southeast direction because of the way it went into their yard.

Kurths' homestead suffered from the drift of the application, which damaged and killed many trees in their yard surrounding their home and on their property.

[¶ 4.] The court entered an Order Granting Partial Summary Judgment on the issue of treble damages pursuant to SDCL 21–3–10, concluding as a matter of law that the statute applied to the facts of the case. Subsequent to this order, the parties entered into a Stipulation and Agreement resolving the remaining issues in the case, which was approved by the trial court. Aerial Blades appeals raising the following issue:

> Whether the trial court properly granted Kurths' motion for partial summary judgment on the issue of treble damages, pursuant to SDCL 21–3–10.

## STANDARD OF REVIEW

[¶ 5.] The standard of review for a summary judgment is well established:

> In reviewing a grant or a denial of summary judgment under SDCL 15–6–56(c), we must determine whether the moving party demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law. The evidence must be viewed most favorably to the nonmoving party and reasonable doubts should be resolved against the moving party. The nonmoving party, however, must present specific facts showing that a genuine, material issue for trial exists. Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied. If there exists any basis which supports the ruling of the trial court, affirmance of summary judgment is proper.

*Pettry v. Rapid City Area School Dist.* 2001 SD 88, ¶ 7, 630 N.W.2d 705, 708 (quoting *Milligan v. Waldo,* 2001 SD 2, 8, 620 N.W.2d 377, 379).

## ANALYSIS AND DECISION

[¶ 6.] Aerial Blades argues that a material issue of fact exists because reasonable minds could differ on whether Hursey's conduct falls into an exception of SDCL 21–3–10. This statute provides, "[f]or wrongful injury to timber, trees, or underwood upon the land of another, or removal thereof, the measure of damages is three times such a sum as would compensate for the actual detriment, *except where the trespass was casual and involuntary* ...."(emphasis added). The wrongful conduct protected against in this statute is not the unlawful entry onto one's land, but rather any injury to the trees. *Wallahan v. Black Hills Electric Coop., Inc.,* 523 N.W.2d 417, 421 (S.D.1994).

[¶ 7.] Aerial Blades argues that Hursey's conduct of spraying under the mistaken direction of the wind falls into this

statutory exception as "casual and involuntary." Thus, Aerial Blades contends, there is a material issue of fact for the jury to decide whether Hursey's conduct constituted such an exception. The only South Dakota case that has addressed treble damages pursuant to SDCL 21–3–10 is *Wallahan.* In *Wallahan,* an electric cooperative, BHEC, negligently entered Wallahan's land to trim some trees that were near power lines. *Id.* at 419. Wallahan sued BHEC for trespass and excessive trimming of trees on his property, seeking treble damages pursuant to SDCL 21–3–10. *Id.* The *Wallahan* court held the question of treble damages is a jury question, stating "[g]enerally, whether one or more of the exceptions apply is a question for the jury to decide...." *Id.* at 422. That rationale is applicable here.

[¶ 8.] Therefore, whether treble damages is applicable to Aerial Blades presents a genuine issue of material fact. This is a question for the jury to decide, not for the court to decide as a matter of law. The trial court erred in granting partial summary judgment against Aerial Blades. We reverse and remand for trial.

[¶ 9.] SABERS, Acting Chief Justice, and AMUNDSON and KONENKAMP, Justices, concur.

[¶ 10.] MILLER, Retired Chief Justice, having been a member of the Court at the time this action was submitted to the Court, did not participate.